FILED

2003 NOV 19 P 3: 25

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BETH S. LOCASCIO
F/K/A BETH BINDER
Plaintiff

CIVIL ACTION NO. 3:02 CV299 (SRU)

V.

IMPORTS UNLIMITED, INC.

Defendant                                November 14, 2003

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MOTION TO VACATE

The Plaintiff submits this memorandum of law in support of the defendants motion to vacate the order of the Court granting the Plaintiff's Motion to Enforce Settlement Agreement. On September 3, 2003, the Plaintiff filed a Motion to Enforce a Settlement Agreement. Apparent on the face of the Motion is the fact that there was no meeting of the minds with respect to the Settlement of the matter. The Court had previously set a trial date of November 7, 2003 and the Court had referred the parties to U.S. Magistrate Judge William Garfinkle for settlement conferences. The parties met and conferred with Judge Garfinkle but were unable to reach and agreement.

After the settlement conferences were concluded, the parties continued their discussions regarding settlement of the matter. When all subsequent offers to settle the matter on terms proposed by the Plaintiff had been exhausted, the Plaintiff then sent the Defendant a letter

accepting an offer previously rejected by the Plaintiff. When advised of the Plaintiff's conduct in this regard, the defendant refused to accept the Plaintiffs settlement proposal.

After the Plaintiff filed its Motion to Enforce Settlement agreement, the Court issued a Notice directing the parties to initiate a Phone Conference with Judge Garfinkle on October 28, 2003 at 2:30 p.m to consider the Motion. In the interval, the undersigned received a phone call on October 11, 2003 at approximately 1:50 p.m from Barbara on behalf of Judge Underhill. The Undersigned immediately responded to the Phone message. Barbara inquired as to my ability to conduct the trial on a date and time other than November 7, 2003 and inquired as to whether the undersigned was going to be filing an objection to the Motion to Enforce the Settlement Agreement. I advised Barbara that I was available at any time to conduct the Trial and that there was an objection to the Granting of the Motion, which was apparent on its face. I also advised Barbara that the parties were scheduled to confer with Judge Garfinkle on October 28, 2003 regarding the matter.

Subsequent to the Phone Conference I received a notice from the Court to appear at 10:00 a.m. on October 28, 2003. The undersigned has since learned that in the interval, Attorney Kennedy had contacted the Court and caused the teleconference scheduled for October 28, 2003 to be rescheduled to an in person conference on October 22, 2003 at 2:30. Attorney Kennedy did not confer with the Undersigned regarding this change. The undersigned did not receive any notice form the Court regarding the change. As a result the undersigned appeared at Court on October 28, 2003 at 10:00 in accordance with the Notice received. Then

and there I learned from Judge Garfinkle that a conference was conducted on the matter on October 22, 2003 and that the Court had granted the Motion to enforce the Settlement Agreement primarily as a sanction for the undersigned failure to appear on October 22, 2003.

The imposition of sanctions for failure to comply with scheduling orders is a matter committed to the sound discretion of the court. <u>Neufeld v Neufeld</u> 172 F.R.D. 115 (1997) The enforcement of a non existent settlement agreement is an extreme sanction. This is especially true where the motion seeks to enforce a non-existent agreement. . Courts must keep in mind consideration of justice when imposing sanctions for violations of Court Rules <u>Resolution Trust Corp. v Williams</u> 165 F.R.D 639 (1996) The primary purpose of sanctions is to insure reasonable management requirements for case preparation. <u>Arons v Lalime</u> 167 F.R.D 364 (1996)

All retrial matters have been completed and the matter is ready to proceed to trial. The Plaintif has suffered no inconvenience. The failure to appear at the October 22, 2003 conference was not willful or the result of bad faith. Moreover, the defendant has meritorious defenses to the plaintiffs cause of action and wishes to be heard on the merits. See generally <u>Sheppard v. Glock Inc.</u> 176 F.R.D. 471 ( 1997). A district court cannot impose the extreme sanction of default judgment for failure to obey a scheduling or pretrial order unless the court finds that lesser sanctions would not have served the interests of justice<u>. Bann v Ingram Micro Inc</u>. 108 F. 3d 625

Wherefore, the defendant respectfully moves that the Order Granting the Plaintiffs Motion for Enforcement of the Settlement agreement be vacated and that the matter be submitted for trial and decided on the merits.

THE DEFENDANT:

BY_____
ROBERT E. GHENT
ITS ATTORNEY
P.O. BOX 1905
193 GRAND STREET SUITE 414
WATERBURY, CT 06705
FEDERAL BAR NO: CT: 08690
TEL. NO.: 203- 597-1077
FAX NO: 203-757-5366
Email: r. ghent @snet.net