UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BETH LOCASCIO

    Plaintiff.

V.                                                    CIVIL ACTION NO.
                                                       3:02CV299 (SRU)

IMPORTS UNLIMITED, INC.

    Defendant.                                       NOVEMBER 14, 2003

<u>OBJECTION TO DEFENDANT'S MOTION TO VACATE ORDER</u>

BACKGROUND:

This case came before the court on February 19, 2002 in two counts. Violation of the Motor Vehicle Information and Cost Saving Act (Odometer Law) and the Connecticut Unfair Trade Practices Act (CUTPA).

On August 23, 2003 plaintiff accepted defendant's settlement offer and thereafter defendant failed to consummate the agreement. September 3, 2003 plaintiff filed a motion to enforce the settlement agreement [Dkt. No.41]. The time expired for defendant to respond to the motion on September 24, 2003 [Dkt. No. 41] and thereafter the court sent notice to the parties to attend a hearing on October 22, 2003.

Plaintiff appeared at the hearing and absent from the hearing were defendant and its attorney. The court entered an order to enforce the settlement agreement requiring payment to be made within 30 days [Dkt. No 45].

Defendant on October 28, 2003 by facsimile sent a cover sheet, Motion to Vacate Order and certification to the chambers of the Honorable William I. Garfinkle and a copy by facsimile to plaintiff's attorney see Exhibit 1.

Defendant's Motion was not nor has it been filed with the clerk's office.

ARGUMENT;

Defendant's Motion to Vacate Order is cast as a Motion for Reconsideration, see Local Rule 7 (c) (1). The Rule states "Motions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from such relief is sought and shall be accompanied by a memorandum setting for concisely the matter or controlling decision which counsel believe the Court overlooked in the initial decision or order."

Reviewing defendant's Motion it:

1. Failed to file it within 10 days of the filing of the order.
2. Failed to accompany the motion with a memorandum of law.
3. Filed to inform the court the matters or controlling decisions which counsel believes the court overlooked in the initial order.

"The Federal Rules plainly contemplated that documents which are intended to become a part of the record will ordinarily be filed with the Clerk of the Court, who then dockets and distributes them. Fed. R. Civ. P. 5(e). n4 While most of the Federal Rules are cast in terms of service of pleading, n5 the importance of the filing requirements can not be overstated. N6 as the Second Circuit observed. 'it is not the type of paper submitted but rather the fact of filing

which determines whether a particular item will be included in the record' International Business Machines Corp. v. Edelstein, 526 F.2d 37, 45 (2d Cir. 1975) quoting Schwartz v. Marketing Publishing Company, 153. F.R.D. 16 (D. Conn. 1994).

CONCLUSION:

WHEREFORE plaintiff prays that her objection be sustained based on the foregoing.

THE PLAINTIFF

BY /s/ B.T. Kennedy
Bernard T. Kennedy
49 Rose Street, # 301
Branford, CT 06405
(561) 776-6335
Fed. Bar No. ct00680

# EXHIBIT 1

# ROBERT E. GHENT

193 Grand Street<br>
P.O. Box 1905<br>
Suite #414<br>
Waterbury, Ct. 06722<br>
<br>
Ph:     (203) 573-0635<br>
Fax#1:  (203) 753-9555<br>
Fax#2:  (203) 757-5366

## TELECOPIER TRANSMITTAL COVER SHEET

DATE: October 28, 2003

TO: William I. Garfinkel U.S.M.J

ATTN: _____

FAX NUMBER: 203-579-5946

RE: LOCASIO VS IMPORTS UNLIMITED

FROM: Robert E. Ghent

TOTAL NUMBER OF PAGES, INCLUDING THIS COVER SHEET: [____]

*********************************************************

MEMO:

IF YOU DO NOT RECEIVE THE NUMBER OF PAGES INDICATED PLEASE CONTACT THIS OFFICE AS SOON AS POSSIBLE.

OUR TELEPHONE NUMBER IS: (203) 573-0635
OUR TELECOPIER NUMBERS ARE: (203) 753-9555 or (203) 757-5366

### CONFIDENTIALITY CLAUSE

The Document Accompanying This Telecopy Transmission Contains Information From The Lawlor Title Company Which Is Confidential And Legally Privileged. The Information Is Intended Only For The Use Of The Individual Or Entity Named On This Transmission Sheet. If You Are Not The Intended Recipient, You Are Hereby Notified That Any Disclosure, Copying, Distribution, Or The Taking Of Any Action In Reliance On The Contents Of This Telecopied Information Is Strictly Prohibited And That The Document Should Be Returned To This Office Immediately. In This Regard, If You Have Received This Telecopy In Error, Please Notify Us By Telephone Immediately So That We Can Arrange For The Return Of The Original Documents To Us.

*[Signature: O.C. B. Kennedy]*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BETH S. LOCASCIO
F/K/A BETH BINDER
Plaintiff

CIVIL ACTION NO. 3:02 CV299 (SRU)

V.

IMPORTS UNLIMITED, INC.

Defendant

October 28, 2003

### MOTION TO VACATE ORDER

To the Honorable William I. Garfinkel, U.S.M.J.

The Defendant, Imports Unlimited move the Court to vacate the order entered October 22, 2003 granting the Plaintiff Motion to Enforce Settlement Agreement and in support thereof represents:

1. By Order of the Court the undersigned was notified of the pendency of a Follow Up Staus of Settlement Conference to be conducted on October 28, 2003 at 2:30 P.M., a copy of which is annexed as Exhibit A

2. The undersigned was also notified to appear by the Clerk of the Court to appear for trial in connection with the above referenced matter for October 28, 2003 at 10:00 a.m.

3. That upon appearing for trial this morning the undersigned stopped into Judge Garfinkels Chambers and there upon learned that the Court had changed the date of the Settlement Status Conference at the request of the Plaintiff Counsel to October 22, 2003 and that as a result of the undersigned failure to appear at the settlement status conference, the Court had granted the Plaintiff Motion to Enforce the alleged settlement agreement.

4. The undersigned did not receive any form of communication form the Plaintiff Counsel pertaining to changing the date of the Settlement Conference

5. The undersigned has not received any notice from the Court pertaining the change of the Status Conference Date and Time.

6. On the afternoon of October 22, 2003, the undersigned was East Haven Connecticut conducting a real estate closing and upon my return to my Office at approximately 3:00 P.M., I learned that my secretary had left for the day due to the death of her mother.

7. Although I employ other paralegal staff all other office personnel were out of the office on other business.

8. The Defendant, Imports Unlimited, believes that it has a good faith defense to the Plaintiff cause of action and wishes to be heard on the merits.

9. The Defendant is no longer willing to settle the matter on the terms discussed at the settlement conference with Judge Garfinkel.

Wherefore, the Defendant respectfully moves that the orders entered by the Court (Garfinkel, J.) be vacated and the matter be restored to the Court Trial docket.

THE DEFENDANT:

BY
ROBERT E. GHENT
ITS ATTORNEY
P.O. BOX 1905
193 GRAND STREET SUITE 414
WATERBURY, CT 06705
FEDERAL BAR NO: CT: 08690
TEL. NO.: 203- 597-1077
FAX NO: 203-757-5366
Email: r. ghent @snet.net

## CERTIFICATION

The undersigned, hereby certifies that a copy of the Foregoing was mailed on the above date, postage prepaid, to appearing parties:

Bernard T. Kennedy
Kennedy & Kennedy, LLC
49 Rose Street, Suite 301
Branford, Ct. 06405

Robert E. Ghent

## CERTIFICATE OF SERVICE

    This is to certify that a copy of the foregoing was mailed this 14th day of November 2003 to:

Robert Ghent, Esq.
Box 1905
Waterbury, CT 06722

_____
Bernard T. Kennedy