UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

BETH LOCASCIO

    Plaintiff.

2003 DEC -8 P 12: 25

US

V.

CIVIL ACTION NO.
3:02CV299 (SRU)

IMPORTS UNLIMITED, INC.

    Defendant.

DECEMBER 4, 2003

## PLAINTIFF'S OBJECTION AND MEMORANDUM OF LAW IN REPLY TO DEFENDANT'S MOTION TO VACATE ORDER DATED NOVEMBER 14, 2003

BACKGROUND:

This case came before the court on February 19, 2002 in two counts.

Violation of the Motor Vehicle Information and Cost Saving Act (Odometer Law)

and the Connecticut Unfair Trade Practices Act (CUTPA).

On August 23, 2003 plaintiff accepted defendant's settlement offer and

thereafter defendant failed to consummate the agreement. September 3, 2003

plaintiff filed a motion to enforce the settlement agreement [Dkt. No.41]. The

time expired for defendant to respond to the motion on September 24, 2003 [Dkt.

No. 41]. Thereafter the court **sent notice to the parties** to attend a hearing on

October 22, 2003. See Exhibit 1.

Plaintiff appeared at the hearing and absent from the hearing were

defendant and its attorney. The court entered an order to enforce the settlement

agreement requiring payment to be made within 30 days [Dkt. No 45].

Defendant on October 28, 2003 by facsimile sent a cover sheet, Motion to Vacate Order and certification to the chambers of the Honorable William I. Garfinkle and a copy by facsimile to plaintiff's attorney see Exhibit 2. That Motion to Vacate Order was not filed with the Clerk's office.

Type dated November 14, 2003 defendant prepared a second Motion to Vacate Order [Dkt. No.53] and filed it with the clerk's office. Attorney Ghent certified to the Court that he mailed a copy to plaintiff's counsel the same day. See Exhibit 3, appended, with a U.S. Postage date of November 20, which was **six days later than he certified**.

ARGUMENT;

**I**    Defendant's Motion to Vacate Order is cast as a Motion for Reconsideration; see Local Rule 7 (c) (1). The Rule states "Motions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from such relief is sought and shall be accompanied by a memorandum setting for concisely the matter or controlling decision which counsel believe the Court overlooked in the initial decision or order."

See Rule 59(e) of the Fed. R. Civ. P.  a party seeking to alter or amend a judgment must *file* the motion within 10 days after the district court enters its judgment on the docket, Schudel v. General Elec. Co. 120 F.3d 991 (9th Cir. 1997) (noting that Rule 59, as amended in 1995, requires that such motions be filed, not served within 10 days following entry of judgment), *cert.denied,* 523 U.S. 1094; 118 S. Ct. 1560; 140 L. Ed.2d 792 (1998).

2

Motion for reconsideration or to vacate the judgment are not granted absent "highly unusual circumstances, McDowell v. Calderon, 197 F. 3d 1253, 1255 (9th Cir. 1999) cert. denied, 519 U.S. 1082; 120 S.Ct. 1708, 146 L. Ed.2d 511 (2000). -- they do not provide litigants with an opportunity for a "second bite at the apple" Sequa Corp v. GBJ Corp., 156 F.3d 136 (2nd Cir. 1998) or allow them to "fiddle as Rome burns" Vasapolli v. Rostoff, 39 F.3d 27, 36 (1st Cir. 1994). Courts properly decline to consider argument on reconsideration where those arguments were available earlier, Landrau-Romero v. Banco Popular De Puerto Rico, 212 F. 3d 607, 612 (1st Cir. 2000).

On October 22, 2003 the Court filed its Order [Dkt. No. 45]. Defendant did not file its Motion and Memorandum of Law within the prescribed time of ten (10) days but waited until November 19, 2003 to do so. That Motion to Vacate was filed 18 days late. Defendant's memorandum did not address any issues what the Court overlooked in the initial order. See Local Rule 7 ( c) (1).

II.    Defendant has misinterpreted the Order RE: Motion to Enforce Settlement Agreement and Sanctions, [Dkt. No. 45]. A clear reading of the order states in paragraph no. 1 "Plaintiff's motion was filed the first week of September, 2003 and no timely opposition has been filed. The motion is deemed unopposed."

Local Rule 7(a)1 states in pertinent part, " Unless otherwise ordered by the Court, all memoranda in opposition of any motion shall be filed within twenty-one (21) days of the filing of the motion . . . Failure to submit a memorandum in opposition to the motion may be deemed sufficient cause to grant the motion . . . ."

Defendant failed to file an Objection to plaintiff's Motion to Enforce Settlement

Agreement [Dkt. No. 41] and as a result the Court rendered its decision.

On the second page of defendant's Motion to Vacate [Dkt. No. 53]

Attorney Robert Ghent states ". . . the undersigned received a phone call on

October 11, 2003 at approximately 1:50 p.m. from Barbara on behalf of Judge

Underhill. Barbara . . . inquired as to whether the undersigned was going to be

filing an objection to the Motion to Enforce the Settlement Agreement. I advised

Barbara . . . that **there was an objection to the Granting of the Motion,** which

was apparent on its face." A search of the Court's records indicates that Attorney

Ghent was mistaken as there was **no objection pending** on October 11, 2003 nor

did plaintiff's counsel receive a copy.

CONCLUSION:

WHEREFORE plaintiff prays that her objection be sustained based on the

foregoing.

                                    THE PLAINTIFF


                                    BY _____
                                       Bernard T. Kennedy
                                       49 Rose Street, # 301
                                       Branford, CT 06405
                                       (203) 481-1322
                                       Fed. Bar No. ct00680

EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


Amended (from 10/28/03) Follow-up (in-person) Settlement Conference Calenda

Honorable William I. Garfinkel, U. S. Magistrate Judge
915 Lafayette Boulevard
Bridgeport
Chambers Room 429


October 22, 2003

2:30 p.m.


3-02-cv-299  (SRU) Locascio v Imports Unlimited
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COUNSEL OF RECORD:

Robert E. Ghent                    193 Grand Street PO Box 1905, Waterbury, CT
                                   203-597-1077

Bernard T. Kennedy                 49 Rose St. Suite 301, Branford, CT
                                   203-481-1322

PLEASE NOTE:   THE CONFERENCE WILL BE IN-PERSON WITH JUDGE GARFINKEL.

THANKS.

                                        BY ORDER OF THE COURT
                                        KEVIN F. ROWE, CLERK

# EXHIBIT 2

Exhibit 3

    





ROBERT E. GHENT, ESQ.
193 GRAND STREET
P. O. BOX 1905
WATERBURY, CT 06722

First Class Mail

First Class Mail

BERNARD T. KENNEDY
KENNEDY & KENNEDY, LLC
49 ROSE ST., SUITE 301
BRANFORD, CT 06405

Please Open
Immediately

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed this 4th day of December 2003 to:

Robert Ghent, Esq.
Box 1905
Waterbury, CT 06722

_Bernard T. Kennedy_

Bernard T. Kennedy