UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BETH LOCASCIO

    Plaintiff,

V.

                      CIVIL ACTION NO.
                      3:02CV299 (SRU)

IMPORTS UNLIMITED, INC.

    Defendant.                      JANUARY 8, 2004

FILED 2004 JAN 12 P 12:42
US DISTRICT COURT
BRIDGEPORT CT

## REQUEST FOR ATTORNEY FEES

The undersigned submits the following bill for attorney fees and costs pursuant to the order on January 7, 2004 by U.S. Magistrate William I. Garfinkle. The court ordered that the undersign forward time records to Attorney Robert Ghent by January 9, 2004 and that payment be made by Imports Unlimited, Inc. ("IUI") within seven (7) days.

**A.** The court in its Order RE: Motion to Enforce Settlement Agreement and Sanctions [dkt no. 45] order the defendant IUI to make payment of $1031.25 to the undersigned.

**B. TIME RECORDS FROM OCTOBER 22, 2003 – JANUARY 8, 2004**

.2- October 28, 2003, Reviewed Telecopier Transmittal of Motion to Vacate Order, sent to U.S. M.J. Garfinkle by defendant.

.2- October 30, checked Pacer for filing of Motion dated October 28, not filed.

.2- November 6, 2003, Check Pacer for the above case for activity on the file, discovered that defendant filed [dkt. 48] and did not forward copy to plaintiff.

.2- Contacted Attorney Ghent's office for copy of [dkt. 48] informed would check with Attorney for permission to send, call not returned nor copy mailed.

.3- Contacted Attorney Faulkner who obtained document and mailed to undersigned.

.3- Reviewed [dkt. 48].

.2- Prepare Plaintiff's Sur Reply to Defendant's Objection to Plaintiff's Motion to Enforce Settlement Agreement [dkt. No. 50] (Motion received by telicopier on October 28).

.9- Research and prepare Plaintiff's Memorandum of Law for above [dkt. no. 51].

1.8- November 14, 2003, [dkt. No. 54] research and prepare Objection to Defendant's Motion to Vacate Order.

4.6- December 4, 2003, [dkt. No. 56] Research at court and prepare Plaintiff's Objection and Memorandum of Law in Reply to Defendant's Motion to Vacate Order Dated November 14, 2003.

.8- January 2, 2004, prepared for hearing on January 7, review files, make notes, and review cases.

2. - January 6, 2004 travel from Florida to Connecticut. Two hours charged at hourly rate, total time 8 hours.

3. - Two hours (above) charged at hourly rate, 6 hours charged at 50% of hourly rate which transposes into 3. hours at regular hourly rate.

3.7-January 7, travel time to court and court appearance.

3. - Six hours of travel time from Connecticut to Florida billed at 50% of hourly rate which transposes into 3 hours at hourly rate.

1.3- Prepare request for attorney fees.

.4- Letter to Attorney Ghent.

$\overline{\phantom{xxxx}}$
23.1 hours @ $275 = $6352.5.

**A.   EXPENSES**

Airline ticket $330.31

Car Rental      51.68

Parking         16.

Gas              9.90

Tolls            9.

Dinner Jan 6    16.50

Lunch Jan 7      5.85

Dinner   "      15.15

$\overline{\phantom{xxxx}}$
$454.39 total expenses

Total sum due from IUI     $7838.14

In support of plaintiff's billing for travel time, submitted as Exhibit A is copy of Local Rules for U.S. D.C. for the District of Maryland.

                                                THE PLAINTIFF

                                                BY_____
                                                Bernard T. Kennedy
                                                49 Rose Street, # 301
                                                Branford, CT 06405
                                                (203) 481-1322
                                                Fed. Bar No. ct00680

# EXHIBIT A

# LOCAL RULES

OF THE

# UNITED STATES DISTRICT COURT

FOR THE

# DISTRICT OF MARYLAND

AS AMENDED JULY 2001

c. Only one lawyer for each party shall be compensated for client and third party conferences.

d. Only one lawyer for each party shall be compensated for attending hearings[4].

e. Generally, only one lawyer is to be compensated for intra-office conferences. If during such a conference one lawyer is seeking the advice of another lawyer, the time may be charged at the rate of the more senior lawyer. Compensation may be paid for the attendance of more than one lawyer at periodic conferences of defined duration held for the purpose of work organization and delegation of tasks in cases where such conferences are reasonably necessary for the proper management of the litigation.

f. Travel

  i. Whenever possible time spent in traveling should be devoted to doing substantive work for a client and should be billed (at the usual rate) to that client. If the travel time is devoted to work for a client other than the matter for which fees are sought, then the travel time should not be included in any fee request. If the travel time is devoted to substantive work for the client whose representation is the subject of the fee request, then the time should be billed for the substantive work, not travel time.

  ii. Up to 2 hours of travel time (each way and each day) to and from a Court appearance, deposition, witness interview, or similar proceeding that cannot be devoted to substantive work may be charged at the lawyer's hourly rate.

  iii. Time spent in long-distance travel above the 2 hours limit each way, that cannot be devoted to substantive work, may be charged at one-half of the lawyer's hourly rate.

---

representing the defendant attended the deposition and charged the time for her attendance. (If two lawyers from a public law office representing a defendant attend a deposition, the Court should consider this fact and the role played by the second lawyer, *i.e.*, whether she provided assistance, including representation of a separate public agency or individual defendant, or was present for merely educational purposes, in determining whether plaintiff should also be compensated for having a second lawyer attend.)

[4]The same considerations discussed in footnote 3 concerning attendance by more than one lawyer at a deposition also apply to attendance by more than one lawyer at a hearing. There is no guideline as to whether more than one lawyer for each party is to be compensated for attending trial. This must depend upon the complexity of the case and the role that each lawyer is playing. For example, if a junior lawyer is present at trial primarily for the purpose of organizing documents but takes a minor witness for educational purposes, consideration should be given to billing her time at a paralegal's rate.

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed on this date via U.S. Mail to:

Honorable William I. Garfinkle
U.S. Magistrate Judge
U.S. District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

And via U.S. Mail and Facsimile to:

Robert Ghent, Esq.
Box 1905
Waterbury, CT 06722

_____
Bernard T. Kennedy