UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT

BETH LOCASCIO

    Plaintiff,

V.

    CIVIL ACTION NO.
    3:02 CV 299 (SRU)

IMPORTS UNLIMITED, INC.

    Defendant.             JANUARY 22, 2004

## MEMORANDUM OF LAW

### BACKGROUND:

This case was commenced on February 19, 2002. It involved one defendant and two counts. The issues are related to the purchase of an automobile in which the defendant Imports Unlimited, Inc. ("IUI") failed to provide plaintiff the title of the auto at time of purchase in order to record her signature and the odometer reading and that of IUI.

### FACTS:

The Court held a hearing on plaintiff's motion to enforce the settlement agreement [Dkt. No. 44]. On October 22, 2003 the Court found in favor of plaintiff and ordered IUI to pay plaintiff's attorney fees in the sum of $1,031.25, [Dkt. No. 45].

Defendant filed a motion to vacate the Court's order and a hearing was held on January 7, 2004.

At that hearing [Dkt. No. 57] the Court inquired if the IUI had made payment of $1,031.25 pursuant to the order of [Dkt. No. 45]. The Court was informed that payment had not been made as ordered.

Again, on January 7, 2004 the Court ordered defendant IUI to make payment in the sum of $1031.25 within seven (7) days. Additionally, the Court ordered plaintiff to submit a statement to IUI within Forty Eight (48) hours for additional attorney fees incurred and that defendant make payment within seven days, if not disputed. On January 8, 2004 via Facsimile and U.S. Mail plaintiff noticed her fees to Robert E. Ghent, Esq. counsel for IUI pertaining to the fees incurred from October 23, 2003 through January 7, 2004 pertaining to IUI's Motion to Vacate.

Plaintiff requested that Attorney Ghent contact the undersigned no later than January 13 with a response. Attorney Ghent has not responded. See Ted Lapidus, S.A. v. Vann, 112 F.3d 91, 97 (2nd Cir. 1997) (identifying the conduct).

IUI has failed to make the payment, as ordered by the Court, within seven days of January 8, 2004, absent objection of IUI. The time for payment expired on January 15, 2004. It seems appropriate for the Court to issue sanctions against IUI for its history of dilatoriness. See Harris v. City of Phila., 47 F.3d 1311, 1330 n.18, (3rd Cir. 1995). The Court should consider whether the conduct of IUI or its attorney was willful or in bad faith, Harris, 47 F.3d at 1330, n.18; Bass v. Jostens, Inc., 71 F.3d 237, 241, (6th Cir. 1995).

CONCLUSION:

Plaintiff prays that monetary sanctions be imposed against IUI payable to the court, award plaintiff attorney fees for bringing this motion and order any other sanctions available until defendant complies with this Court's order dated January 7, 2004 to pay the plaintiff fees.

THE PLAINTIFF

BY *(signature)*
Bernard T. Kennedy
49 Rose Street, # 301
Branford, CT 06405
(203) 481-1322
Fed. Bar # ct00680

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed on this date, via U.S. Mail to:

Robert E. Ghent, Esq.
Box 1905
Waterbury, CT 06722

Honorable William I. Garfinkle
U.S. Magistrate Judge
U.S. District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

*(signature)*
Bernard T. Kennedy