FILED

2004 FEB -5  A II: 53

US DISTRICT
BRIDG

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BETH S. LOCASCIO
F/K/A BETH BINDER
    Plaintiff

CIVIL ACTION NO. 3:02 CV299 (SRU)

V.

IMPORTS UNLIMITED, INC.

    Defendant                        January 26, 2004

## OBJECTION TO MOTION FOR ATTORNEYS FEES

The Defendant, Imports Unlimited, Inc. hereby objects to the Plaintiff's Motion for Attorneys

Fees dated January 22, 2004.  On November 14, 2003 the defendant filed a Motion to Vacate

the Order of the Court dated October 22, 2003 enforcing a "Settlement Agreement"

After full hearing before the Court on January 7, 2004,   the Court ruled that the Motion to

Enforce the Settlement agreement was granted as the result of the Defendant's failure to

appear at a hearing on the Motion on October 22, 2003.  The sanction was vacated by the Court

on January 7, 2004.  In issuing its decision on the Subject Motion, the Court, on the merits of

the Motion to Enforce Settlement agreement, ruled that there was no valid agreement by and

between the parties.

Notwithstanding the foregoing the Court ordered that the Defendant, pay as a sanction for its

failure to appear on October 22, 2003, the sum of $1, 031.25 and further ordered the Plaintiff to

submit a reasonable invoice for the Plaintiff's Appearance in Court on January 7, 2003 in

connection with the hearing on the Defendants Motion to Vacate the orders entered on October

22, 2003.

The Plaintiff has submitted an invoice in the amount of $6,352.50 for 23.1 Hours of time

together with $454.39 for expenses.  The amount claimed in connection therewith is excessive

and unreasonable and in support of this objection the Defendant represents as follows:

1.    The underlying action arises as the result of allegations that the Defendant allegedly

       violated the odometer Act.

2.    The Plaintiff does not claim that the mileage disclosed on separate Odometer

       statement provided at the time of the execution of the sale of vehicle and on the

       odometer statements provided at the time of the delivery of the vehicle are

       inaccurate.

3.    The Plaintiff is a resident of the State of Florida and has engaged Counsel in the

       State of Connecticut, Bernard T. Kennedy, said counsel having an office and place of

       business at  49 Rose Street, Suite #301, Branford, Ct., 06405.

4.    Notwithstanding the efforts of the Court to effect a settlement of the Claims of the

       Plaintiff and the Defendant, the parties have been unable to reach an agreement

       regarding the resolution of the matter.

5.    Trial of the Plaintiff's cause of action was scheduled to proceed on November 7,

       2003.

6.  Notwithstanding the foregoing the Plaintiff filed a Motion to Enforce a Settlement
    Agreement

7.  The parties were notified that the motion was to be heard by the Court via
    teleconference on October 28, 2003.

8.  After receipt of the Notice of Hearing, Plaintiff counsel without advising or consulting
    the Defendants Counsel caused the date of the subject hearing on the Motion to
    Enforce to be changed to October 22, 2003.

9.  In the interim, the defendants Counsel received a revised notice from Judge
    Underhill's office that the trial had been rescheduled to October 28, 2003 at 10:00
    a.m.

10. That although the Court records reflect that notice was sent to Defendants Counsel,
    the Defendant did not appear before the Court on October 22, 2003, but did appear
    on October 28, 2003 in accordance with the order of the Court, the Court entered an
    order enforcing the Settlement agreement and Ordered the Defendant to pay the
    sum of $1,031.25 as a sanction for failure to appear on October 22, 2003.

11. On January 7, 2004, on Motion by the Defendant, the Court vacated the order
    enforcing the settlement agreement.  In connection with the ruling on the said
    motion, the Court found that there was no agreement between the parties and
    denied the Plaintiff's Motion on the merits.

12.    The Plaintiff now seeks the sum of $6,352.50 (23.1 Hours at $275.00 per Hour) together with costs in the amount of $454.39 in costs for airline tickets, car rentals Parking, gas Tolls and Dinner (2) and Lunch (1) each as more fully set forth in the Plaintiff's motion dated January 8, 2004.

13.    The Attorneys fees claimed by the Plaintiff are excessive and unreasonable.

14.    By way of example, on the morning of January 7, 2004, the undersigned left my office at 9:15 and traveled for 45 minutes to Bridgeport Ct.. The hearing began at approximately 10:15 a.m. and concluded at approximately 10:55. A.M. The undersigned then traveled to the Town hall in the Town of Branford to record document on the Branford Land Records at 11:41 A.M. The total travel time including the Court Appearance was 2.26 hours.

15.    For the same Court Appearance, Attorney Kennedy claims 3.7 of Travel & Court Appearance Time together with 8 hours of travel time commuting from his Florida Residence to his Branford Office.

16.    The Undersigned respectfully objects to the Plaintiff Request for Attorneys Fees and respectfully requests that he time expenditures entered in part B totaling 23.1 hours be disallowed and that 2.26 hours be allowed as Attorneys Fee pursuant to the Order of January 7, 2004 by U.S. Magistrate William I. Garfinkle.

THE DEFENDANT,

BY

ROBERT E. GHENT
ITS ATTORNEY
P.O. BOX 1905
193 GRAND STREET SUITE 414
WATERBURY, CT 06705
FEDERAL BAR NO: CT: 08690
TEL. NO.: 203- 597-1077
FAX NO: 203-757-5366
Email: r. ghent @snet.net

## CERTIFICATION

The undersigned, hereby certifies that a copy of the Foregoing was mailed on the above date, postage prepaid, to appearing parties:

Bernard T. Kennedy
Kennedy & Kennedy, LLC
49 Rose Street, Suite 301
Branford, Ct. 06405

Michael W. Kennedy
101 West Main Street
Branford, Ct., 06405

Robert E. Ghent