UNITED STATES DISTRICT COURT         FILED
DISTRICT OF CONNECTICUT

2004 MAR 24  P 12: 02

BETH LOCASCIO
    Plaintiff,                                     U.S. DISTRICT COURT
                                                   BRIDGEPORT, CONN

V.                                                CIVIL ACTION NO.
                                                  3:02CV299 (SRU)

IMPORTS UNLIMITED, INC.
    defendant.                                  MARCH 19, 2004

### MEMORANDUM OF LAW IN SUPPORT OF ATTORNEY FEES AND COSTS

The undersigned attorney pursuant to Rule 37(a) (4) of the Fed. R. Civ. P. seeks filing fee of $150.00, sheriff fee of $62.20, history of the auto from Department of Motor Vehicles, State of Connecticut $42.50, history of the auto from the Depart of Motor Vehicles, State of Pennsylvania $30, history of the auto from Car-Fax $17.50 and deposition in the sum of $254.95. Total Costs $557.15. Attorney fees in the sum of $20,377.50 for 74.1 hours, at $275.00 per hour pursuant to the under sign's hours. This represents a total sum of $20,934.65.

Plaintiff commenced this action on February 15, 2002, alleging violations of the Motor Vehicle Information and Cost Saving Act ("Odometer Law"), 49 U.S.C. § 32701 et seq. and the Connecticut unfair Trade Practices Act § 42a 110 et seq. ("CUTPA").

The court, after trial, found in favor of the defendant on Count One and found in favor for the plaintiff on Count Two.

"Any attorney ... who applies for court-ordered compensation in this Circuit for work done ... must document the application with contemporaneous time records. These

records should specify, for each attorney, the date, the hours expended, and the nature of the work done." New York Ass'n. for Retarded Children v. Carey, 711 F. 2d 1136, 1148 ( 2d Cir. 1983). "[C]ounsel, of course, is not required to record in great detail how each minute of his time was expended." Hensley v. Eckerhart, 461 U.S. 424, 437 n. 12 (1983). Counsel must "identify the general subject matter of his time expenditures." Id 437 n. 12. Fee applicants must also "produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar service by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson 465 U.S. 886, 895-6 n. 11 (1984).

CUTPA FEE STANDARDS

Once liability has been established under CUTPA, attorney fees and costs could be awarded in the discretion of the court Freeman v. Alamo Management Co. (1991) 586 A.2d 619. In the above captioned matter, this Court in its Memorandum of Decision and Order page 12 stated "I do, however, find an award of attorneys' fees to be appropriated." On March 17th, by facsimile, defendant advised the undersigned that the money he was previously awarded as sanctions should be applied in full satisfaction of any and all attorneys' fee claims. See Exhibit 1.

An award of fees is mandatory in FDCPA cases Tolentino v. Friedman, 46 F.3d 645. 651 (7th Cir.) (George C.Pratt, C.J.) , cert denied, 115 S. Ct. 2613 (1995). Where, as here, an attorneys fee provision is phrased in mandatory terms, "fees may be denied a

successful plaintiff only in the most unusual of circumstances". DeJesus v. Banco Popular ed Pueto Rico, 918 F.2d 232, 234 (1st Cir. 1990) (truth in lending). The reasoning in civil rights cases apples as well to fee applications under the FDCPA Hollis v. Roberts, 984 F. 2d 1159, 1161 (11th Cir. 1993) (hours reasonably expended, times reasonably hourly rate); Graziano v. Harrison, 950 F.2d 107, 113-14 (3d Cir. 1991). (FDCPA "mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general"). See also, Newman v. Piggie Park Enterprises, 390 U.S. 400, 402 (1968); Henslley v. Eckerhart, 461 U.S. 424, 429 (1993)' City of Riverside v. Rivera, 477 U.S. 561, 580 (1986) (awarding $245,450 fees on a $33,350 recovery, including 143 hours of trial preparation).

In Perez v. Perkiss, 742 F. Supp.883 (D. Del. 1990), an FDCPA case, the court awarded over $10,000 in fees on a $1200 jury verdict, including 11 hours defending the fee petition.

Unsuccessful claims:

The law is clear that a plaintiff can be compensated even for unsuccessful claims as long as they ae based on the same facts or legal theories. The seminal case is Hensley v. Eckerhart, 461 U.S. 424 (1983). Hensley ruled that a fee request can be reduced where the plaintiff presented "distinctly different claims for relief thatare based on different facts and legal theories." 461 U.S. at 434. That is not the case herein, Plaintiff's claims were based on defendants' cours of action relating to collection of her husband's debt.

3

Therefore, as in Hensley 461 U.S. at 435: the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories . . . . In these circumstances the fee award should not be reduces simply because he plaintiff failed to prevail on every contention raised in the lawsuit . . . . Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.

See also LeBanc-Stermberg v. Fletcher, 143 f.3d 148 (2nd Cir. 1998) (claims intertwined); (fully compensatory fee proper where factual basis and legal theories same throughout) United States Football League v. Naional Football League, 887 F.2d 408, 415 (2nd Cir. 1989).

Plaintiff submits that, since all claims were based on the same underlying issue that the auto's title was not provided to plaintiff at time of same, no feduction should be made for "unsuccessful" claims. The Second Circuit agrees. In Grand v. Martinez, 973 F.2d 96 (2nd Cir. 1992), the plaintiff settled for $60,000 and did not get all the relief they requested. The lodestar figure of $500,000 for the attorneys was upheld. The decision noted that burden of proof is on the party seeking any downward adjustment; and, a court can reject hours expended in unsuccessful claims only, if those claims were wholly unrelated to successful claims. See also McCann v. Coughlin, 698 F.2d 112, 129-30 (2nd Cir. 1993); Dominic v. Consolidated Edison Co., 822 F.2d 1249, 1259-60 (2nd Cir 1987); Dague v. City of Burlington, 935 F.2d 1343, 1358-59 (2nd Cir. 1991), reversed on other

grounds, 505 U.S. 557, 112 S. Ct. 2638 (1992).

The $275 Hourly Rate is Reasonable

"[T]he actual rate that applicant's counsel can command in the market is itself highly relevant proof of the prevailing community rate". Nat'l Ass'n of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1326 (D.C. Cir. 1982). This includes fee awards by outer courts. Id. at 1325; Zaldiver v. Los Angeles, 590 F. Supp. 852, 858 (C.D. Cal 1984); Lesser v. I.A. M. Nat'l Pension Fund, 579 F. Supp. 1375, 1377 (C.D. Cal. 1984).

In Turner v. Payco-G.A.C. Inc., Civil No. N-89-217 (PCD) (D. Conn. Apr. 29, 1992) the Court awarded $13,475 on a damage recovery of $1000 in a Fair Debt Collection Practices Act Case.

Lodestar Figure

Counsel's currently prevailing marketplace rates establish the lodestar amount. Missouri v. Jenkins by Agyei, 109 S. Ct. 2463, 2470 (1989); Blum v. Stenson, 465 U.S. 886, 895 (1983)' DiFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir. 1985) (rejecting 46 hours on pretrial memo and 42 hours on fee application); Cohen v. West Haven Bd. Of Police Com'rs, 638 F.2d 496, 506 (2d Cir. 1980).

There is a strong presumption that the lodestar figure (reasonable hours times reasonable rate) represents a reasonable fee. Blanchard v. Bergeron, 103 L.Ed. 2d 67, 76 (1989), quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478

5

U.S. 546, 656 (1986).

While the Court has discretion to determine the proper fee amount "[T]he Latitude of its discretion is narrowed by a presumption that successful civil rights litigants should recover reasonable attorney's fees unless special circumstances render such an award unjust . . . . Furthermore, where, as here, the party achieves success on the merits, an award of all reasonable hours at a reasonable hourly rate, i.e., the lodestar figure, is presumptively appropriate." DiFilippo, 759 F.2d at 234.

"[A] party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified." United States Football League v. National Football League, 887 F.2d 408, 413 (2d Cir. 1989), cert. Denied 493 U.S. 1071 (1990). (awarding $5,500,000 in fees on a $3 recovery), cited in Grant v. Martinez, 973 F.2d 96, 101 (2d Cir. 1992). See Laura B. Bartell, Taxation of Costs and Awards of Expenses in Federal Court 101 F.R.D. 553, 560-62 (1984).

Plaintiff submits that fee standards in civil rights cases are applicable here, because an important public policy was vindicated. See Delaware Valley, 478 U.S. at 559-60; Hollis v. Roberts, 984 F. 2d 1159, 1161 (11th Cir. 1983) (FDCPA award of $1,500; fees granted for 24.9 hours at $150/hr., prevailing rate in the community).

Civil suits will deter abusive practices only if it is economically feasible for consumer to bring them. Unless consumer can recover attorney's fees it may not be possible for them to pursue small claims . . . . [U]nscrupulous auto dealers have little to

fear from such suits if consumers must pay thousands of dollars in attorney fees to protect hundreds. Congress recognized this problem and specifically provided for the award of attorney fees to successful plaintiffs. <u>Venes v. Professional service Bureau, Inc.</u>, 353 N.W. 2d 671 (Minn. App. 1984).

<u>No Adjustment Should Be Made</u>

Plaintiff does not request an upward or downward adjustment. If a defendant requests such an adjustment, factors identified in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-719, may be considered. <u>Hensley</u>, 461 U.S. at 434 n.9 ("[M]any of those factors usually are subsumed within the initial calculation of hours reasonable expended at a reasonable hourly rate"); <u>U.S. Football League</u> 887 F.2d at 415.

1. The time and labor required (see affidavit). Plaintiff submits that the time expended in the prosecution of this action is modest due to counsel's experience in consumer protection litigation.

    2. The novelty and difficulty of the question. This case included novel questions, which were not resolved. Even if the case had been straightforward, the lodestar amount may not be reduced. <u>DiFilippo</u>, 759 F.2d at 235.

    3. The skill requisite to perform the legal services properly: plaintiff's counsel knows of very attorneys who purport to be able to litigate plaintiffs' Consumer Cases.

    4. The preclusion of other employment. The time spent on this case was not, and

could not be, spent as the same time on other cases.

5. The customary fee is what the plaintiff's counsel requests.

6. Whether the fee is fixed or contingent.

7. In Consumer Credit Protection Act case, the fee is always contingent- not on the amount of damages, but on award by the court or agreement of opponent. In a private attorney general case, Congress encourages counsel to bring suit, recognizing that counsel cannot charge the client an hourly fee, because the fee may be out of proportion to the recovery.

8. Time limitations imposed by the client or circumstances (none except reasonableness).

9. The amount involved and the results obtained. "[C]ourts generally will not look to the size of the damage award in determining a reasonable attorney's fee in a consumer cases." Smith v. Chapman, 436 F. Supp. 58, 66 (W.D. Tex. 1977). The results in this case are above the normal statutory damages for the plaintiff.

Because the statute itself limits damage, the amount of damages awarded does not justify a reduction in the lodestar amount. Cowan v. Prudential Ins. Co., 935 F.2d 522, 527 (2d Cir. 1991). Earlier, McCann v. Coughlin, 698 F.2d 112, 129 (2d Cir. 1983), rejected the argument that an award should be reduced based on the amount of damages recovered, anticipating a similar ruling in City of Riverside, Supra, 477 U.S. at 574, 578. Consumer Credit Protection Act cases generally support his proposition.

8

A **monetary** recovery is not essential to a fee award. Mills v. Electric Auto-Lite Co., 396 U.S. 375, 392, 395, (1970). As Justice O'Connor noted "nominal relied does not necessarily a nominal victory makes." Frarrar v. Hobby, 113 S. Ct. 566, 578 (1992). The court bases its assessment of whether a recovery is nominal, not the amount of the recovery, but (1) on the difference between the judgment recovered and the amount sought' (2) the significance of the legal issue, including the extent the plaintiff succeeds on the theory of liability; and (3) the public purpose served by the victory. Farrar, 113 S. Ct. at 578-79. Applying those factors to this case, (1) the damages were within the range to be expected in a case of this kind' (2) plaintiff would have succeeded as to liability; (3) the case vindicated important rights and deter these defendant from similarly violating the Odometer Law and CUPTA to the benefit of hundreds of other consumers.

10. The experience, reputation and ability of the attorney. Plaintiff's counsel has a statewide reputation in the consumer protection field.

11. The undesirability of the case (see affidavit as to risk of loss and dearth of practitioners in the area).

12. The nature and length of the professional relationship with the client (representation limited to Consumer Protection claims).

13. Awards in similar cases. Plaintiff's counsel has received awards at the requested rate in other cases.

<u>Purpose of the Fee Award:</u>

Attorney's fees are central to the enforcement of CUTPA for plaintiff, but also non-monetary benefit accruing to others, in this case the public at large from this successful vindication of a national policy to protect consumers from fraud in the used car business". Fleet Inv. Co. v. Rogers, 620 F.2d 792, 794 (10th Cir. 1980) (Odometer Law).

Such fees are particularly important in consumer cases, under the principles discussed by the Supreme Court in Rivera, supra, a civil rights case. Consumer Credit Protection Act cases also supports this proposition. See e.g., Ratner v. Chemical Bank, 54 F.R.D. 412 (S.D.N.Y. 1972) ($20,000 fees, $100 damages). "[C]ourts generally will not look to the size of the damage award in determining a reasonable attorney's fee in consumer cases." Smith v. Chapman, 436 F. Supp. 58, 66 (W.D. Tex. 1977).

A defendant should not be encouraged to litigate in the expectation that the Court will reduce the plaintiff's fee request, even though the defendant's fees to its own attorney are not similarly scrutinized and reduced by the Court. Cf. Eddy v. Colonial Life Ins. Co., 59 F.3d 201, 207-08 (D.C. Cir. 1995) (a fee award deters noncompliance with the law and encourages settlement); Benavides v. Benavides, 11 Conn. App. 150 (1987) (same).

An inadequate award diminishes the inducement created by fee-shifting statutes, and undermines the goal of promoting private representation in CUTPA actions. In language, which could appropriately be applied to CUTPA actions, the Second Circuit noted:

A plaintiff who is successful in establishing certain practices as violated of his constitutional rights will deter officials from continuing this conduct, and thereby help assure that others are not subjected to similar constitutional deprivations. This effect of successful § 1983 actions is wholly independent of the relief, which the plaintiff seeks or is ultimately awarded, and therefor it is inappropriate to condition attorneys fee awards on the nature of the relief granted. McCann v. Coughlin, 698 F. 2d 112, 129 (2d Cir. 1983).

An award should be made at a rate that recognizes the vindication of public policy expressed in the FDCPA. "The award of attorney's fees, as a practical matter is a critical and integral part of [the creation of a system of private attorneys general]." James v. Home Constr. Co., 689 F.2d 1357, 1359 (11th Cir. 1982).

Other Considerations to Support No Adjustment

If a defendant is willing to take the risk that it will end up with a significant plaintiff's fee application, it cannot be heard to complain when the event comes to pass. "Thus, petitioners could have avoided liability my making a reasonable settlement offer in a timely manner . . . 'The government cannot litigate tenaciously and then hear defendant complain about the time necessarily spent by the plaintiff in response.'" City of Riverside v. Rivera, 477 U.S. at 580 N. 11.

Settlement Efforts

It is unquestionably in the best interest of the Court and the parties to settle rather

11

than litigate. See <u>Janneh v. GAF Corp.</u>, 887 F.2d 432 (2d Cir. 1989). "In a very real sense, all of the parties—and the court as an institution—win when litigation is settled amicably short of trial." <u>Mathewson Corp. v. Allied Maine Ind., Inc.</u>, 827 F.2d 850, 857 (1st Cir. 1987).

The defendant ignored plaintiff's persistent efforts to settle. (Please see time record appended to fee affidavit) in a disproportionate effort to avert his exposure to already limited damages. This Court can bolster such settlement efforts for the future by awarding the full amount requested.

## Conclusion

Plaintiff submits that the fee application is reasonable to time expended and amount requested. He respectfully submits that it should be awarded as requested, that the plaintiff be awarded her costs and that the award read "That any person that failed to enforce this judgement will be held in contempt of court."

THE PLAINTIFF

BY /s/ Bernard T. Kennedy

Bernard T. Kennedy<br>
49 Rose Street, #301<br>
Branford CT 06405<br>
(203) 481-1322<br>
Fed. Bar # ct00680

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed on this 19th day of March 2004 via U.S. Mail, postage prepaid to:

Robert Ghent, Esq.
Box 1905
Waterbury, CT 06722

_____
Bernard T. Kennedy