UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BETH S. LOCASCIO
FKA BETH S. BINDER

    Plaintiffs,

V.                                                                                          CIVIL ACTION NO.
                                                                           3:02CV299 (SRU)

IMPORTS UNLIMITED, INC.

Defendant.                                                                              APRIL 12, 2004

## ATTORNEYS FEE AFFIDAVIT

Michael W. Kennedy states:

   1. I am the attorney for the plaintiff in the above captioned matter.

   2. I have had extensive experience in consumer matters, including litigation.

   3. In the course of this representation, time was expended on the following matters: analysis of documents; investigation; legal research; one day of trial; motion and affidavit.

   4. I request $3,162.00 attorney fees to the date of this motion (3.3 hours on February 29, 2004 for trial preparation and 8.2 hours on March 1, 2004 for time expended from Branford to Bridgeport and return plus trial at $275/hr).

   5. I am requesting attorney's fees at the rate of $275 per hour, commensurate with the $275 hourly rate awarded to me in several cases. <u>Decarli v. CT Auto Auction, LLC</u> 3:02CV834 (DJS); <u>Olgin v. Recovery Bureau of America</u> 3:02CV781(CFD); <u>Speaks v. Edward Donato</u>, et al 3:01CV1049(JBA); <u>Hamonds v. Henderson Motors, LLC</u>, et al. 3:01CV1388(DJS). I believe the rate is reasonable and reflects the lowest current market rate in the community of my peers for federal litigation.

1

2

6. I submit this summary affidavit to keep the time expended minimal. "The smaller the stakes, the less the required formality of proof. It would be absurd to require a litigant to incur a substantial expense in proving up a [fee] claim for only $816." Vukadinovich v. McCarthy, 59 F.3d 58, 60 (7th Cir. 1995). This Court may assess the reasonableness of the amount claimed based on its familiarity with the case, normal rates in the jurisdiction, and its experience generally. DeFilippo v. Morizio, 759 F.2d 231, 236 (2d Cir. 1985). I verify under the penalty of perjury that the foregoing is true and correct.

Dated: April 12, 2004

_____
Michael W. Kennedy

CERTIFICATION

   I hereby certify that a copy of the foregoing was mailed to the following parties of record postage prepaid this 12th day of April, 2004:

Robert Ghent, Esq.
P.O. box 1905
Waterbury, CT 06722


_____
Michael W. Kennedy