UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

2004 APR 28 P 1: 19

BETH LOCASCIO

U.S. DISTRICT COURT
BRIDGEPORT, CONN

    Plaintiff,

V.
                                 CIVIL ACTION NO.
                                  3:02CV299 (SRU)

IMPORTS UNLIMITED, INC.

    Defendant.                      APRIL 26, 2004

<u>REPLY TO DEFENDANT'S OBJECTION TO PLAINTIFF'S
REQUEST FOR ATTORNEY FEES AND COSTS</u>

    Plaintiff Beth Locascio replies to defendant Import's Unlimited, Inc.

("IUI") undated Memorandum of Law in Objection to Plaintiff's Application for

Award of Attorney's Fee and Costs.

    Defendant itself caused any alleged disproportionality in this case.  In

awarding fees the Court can consider the substantial effort of plaintiff's attorney

caused by defendant's "high level counsel who fought the case bitterly to the very

end and even now continue their recalcitrant posture." <u>Birmingham v. Sogen-</u>

<u>Swiss Intern. Corp. Retirement Plan</u>, 718 F.2d 515,523 (2nd Cir. 1983).

    Although private parties looking only to their own interest would not invest

more in litigation than the stakes of the case, the combination of self-interest with

the America Rule on the allocation of legal costs means that people can get away

with small offenses. A two-day suspension may be unconstitutional, but a few

hours of legal time costs more than wages lost. Section 1988 helps to discourage

petty tyranny. Awarding the full cost of litigation, which looks excessive in the single case, is sensible because it aids in the enforcement of rules of law. [citation omitted]. Put another way: Monetary awards understate the real stakes. Judicial decisions have effect on strangers. This litigation was prosecuted by a lawyer retained by a union of public employees and stoutly resisted by the county. If as the defendants say "only" $3,700 was at stake, why the tenacious resistance? Defendant do no contend that the exertion on plaintiff side was unreasonable in relation to the defense; no more is necessary to show that the judge acted within his discretion in awarding fees exceeding the monetary recovery. Barrow v. Falck, 977 F.2d 1100, 1103-04 (7th Cir. 1992).

The [consumer's] counsel did not inflate this small case into a large one; its protraction resulted from the stalwart defense. And although defendants are not required to yield an inch or pay a dime not due, they may by militant resistance increase the exertions require of their opponents and thus, if unsuccessful, be required to bear that cost. McGowan v. King Inc., 661 F.2d 48, 51 (5th Cir. 1981).

In the ordinary course of events, one would not expect a fee award to outpace a substantial award of money damages [$525,000]. In this instance, the discrepancy is explained largely by what we have referred to as the "Stalingrad defense." While this hoard-nosed approach to litigation may be viewed as effective trench warfare, it must be pointed out that such tactics have a significant downside. The defendants suffer the adverse effects of that downside here. There is corollary to the duty to defend to the utmost—the duty to take care to resolve

2

litigation on terms that are, overall, the most favorable to a lawyer's client. Although tension exists between the two duties, they apply concurrently. When attorneys blindly pursue the former, their chosen course of action may sometimes prove to be at the expense of the latter. Lipsett v. Bianco, 975 F.2d 934, 941 (1st Cir. 1992). "While [defendant] is entitled to contest vigorously [plaintiff's] claim, once it does so it cannot then complaint that the fees award should be less than claimed because the case could have been tried with less resources and with fewer hours expended. Henderson V. Columbus Bank & Trust Co., 770 F.2d 1556, 1575 (11th Cir. 1985). To the same effect: Copeland v. Marshall, 641 F.2d 880, 904 (D.C. Cir. 1980) (enbanc) (Title V: contentious litigation strategy forced plaintiff to respond in kind); Loggins v. Delo, 999 F.2d 364, 368 (8th Cir. 1993) ($25,000 attorney's fee award for recovery of $102.50 in actual damages).

Under CUTPA, the trial court is not precluded from awarding attorneys' fees even if it finds that the plaintiff has not suffered ascertainable damages Jacques All Trades Corp., 41 Conn. App. 124, 131 (1996) appeal after remand 57 Conn. App. 189 (2000) citing Tilquist v. Ford Motor Credit Co., 714 F. Supp. 607 (D. Conn. 1989). See also Associated Investment Co. Limited Partnership v. Williams Associates IV, 230 Conn. 148, 160-61 (1994).

In Jacques, the Appellate court held that the award of attorneys' fees "is not to be based on the amount of actual recovery to the party but rather on the work the attorney performed," because the broad equitable remedies authorized under Conn. Gen Stat. § 41-110g(d) afford the court "discretion to order injunctive and

other equitable relief in lieu of damages" and contemplate "judgments which do not include an award of money damages." 57 Conn. App. At 197, citing Associated Investment Co., 230 Conn. 148, 160-161.

Finally, the time incurred and funds received for sanctions in the sum of $3,765.25 were not included in the time records.

CONCLUSION

Plaintiff prays that this Court awards the fees and costs requested in plaintiff's Memorandum of Law.

THE PLAINTIFF

By _____
Bernard T. Kennedy
49 Rose Street, # 301
Branford, CT 06405
(203) 481-1322
Fed. Bar No. ct00680

CERTICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed on the 26th day of April to:

Robert Ghent, Esq.
Box 1905
Waterbury, CT 06705

Bernard T. Kennedy