UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BETH LOCASCIO, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:02cv299 (SRU) |
| | : | |
| IMPORTS UNLIMITED, INC., | : | |
|     Defendant. | : | |
| | : | |

**RULING ON MOTION FOR ATTORNEYS' FEES**

Beth Locascio "Locascio" sued Imports Unlimited, Inc. ("IUI") for violations of the Federal Motor Vehicle and Cost Saving Act ("the Odometer Act") and the Connecticut State Unfair Trade Practices Act ("CUTPA"). The case was tried without a jury. Judgment was entered in Locascio's favor on the CUTPA claim and in IUI's favor on the Odometer Act claim. Locascio was also awarded attorneys' fees, pursuant to CUTPA. See Locascio v. Imports Unlimited, Inc., 2004 WL 546853 (D. Conn. March 12, 2004).

Prior to trial, the parties stipulated that, if attorneys' fees were awarded, the amount of fees and costs would be decided by the court on post-trial submissions. The amount of such fees and costs is the only issue before the court.

Locascio's counsel, Bernard Kennedy, submitted a request for fees of $20,377.50 and costs of $557.15. Subsequently, Michael Kennedy, also counsel for Locascio, submitted a request for fees of $3,162.00.[1] Both attorneys claim a rate of $275.00 per hour. Bernard Kennedy, apparently, was responsible for the bulk of the time billed. Michael Kennedy only submitted a request for time spent preparing for, and attending, trial (time also billed by Bernard

---

[1] Despite being filed late, I will consider this submission.

Kennedy).

IUI objects to the amount of fees claimed. It argues that the requested total is too high because (a) it does not differentiate between time spent on successful and unsuccessful claims, and (b) the hourly rate is too high.

Locascio's Odometer Act and her CUTPA claims were premised on IUI's unscrupulous conduct in misleading her concerning the state of the title of the vehicle she purchased. Though she pursued this claim under two different statutes, the factual predicates of the claims were inextricably intertwined. See Wilson v. Nomura, 361 F.3d 86, 90-91 (2d Cir. 2004) ("when a plaintiff fails to prove one of two overlapping claims . . . the plaintiff may recover fees for all legal work"). It does not appear that any more effort was expended on this case on account of it containing several claims than would have been expended had it contained only the successful claim. In other words, any marginal increase in effort that was required to prosecute the unsuccessful claims was insignificant. Accordingly, IUI's argument provides no reason for reducing the amount of time submitted.

With respect to the $275.00 hourly rate, I find this to be a reasonable rate for attorneys of Messrs. Kennedys' experience.[2] I do, however, find that there was no reason for two attorneys to work simultaneously on this case. As IUI points out, because both attorneys billed for trial attendance and preparation, they are essentially asking for a combined rate of $550 an hour for that time. That rate is too high. I express no opinion about which attorney was better suited to which tasks, instead, I will simply reduce the total amount awarded to the plaintiff's counsel

---

[2] I recognize that Magistrate Judge Garfinkel, when awarding fees to plaintiff's counsel in a February 3, 2004 order in this case, reduced the requested rate to $225 per hour. That lower rate was appropriate when ordering sanctions, but the requested rate seems appropriate when awarding CUTPA damages.

jointly by the amount of the duplicate fees (i.e., an amount equal to the amount of Michael Kennedy's submission).

In addition to the arguments made by IUI, I have independently reviewed the request for fees and find that the amount requested (with the reduction just noted) is a reasonable award given the nature of the issues presented, the experience and ability of counsel, the skill required to preform the required legal services, the customary fees for this type of work, and awards in similar cases.

For all these reasons IUI is ordered to pay Locascio attorneys' fees in the amount of **$20,377.50** and costs in the amount of **$557.15** for a total amount of **20,934.65.**

It is so ordered.

Dated at Bridgeport, Connecticut, this 30th day of April 2004.

/s Stefan R. Underhill
Stefan R. Underhill
United States District Judge